## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PYRAMID ETC COMPANIES, LLC d/b/a ETC COMPANIES, LLC,<br><br>    Plaintiff,<br> v.<br><br>CMP FIRE, LLC and UNIQUE DESIGN & DEVELOPMENT, LLC,<br><br>    Defendants,<br> v.<br><br>BLAKE & VAUGHN ENGINEERING and DESIGN COLLABORATIVE, INC.,<br><br>    Third-Party Defendants. | CIVIL ACTION<br><br>NO. 2:25-cv-01212-JDW |

**AMENDED ANSWER OF THIRD-PARTY DEFENDANT, DESIGN COLLABORATIVE, INC., TO THIRD-PARTY COMPLAINT BY DEFENDANT/THIRD-PARTY PLAINTIFF, UNIQUE DESIGN & DEVELOPMENT, LLC**

Third-Party Defendant, Design Collaborative, Inc. (hereinafter "DCI"), by and through its undersigned counsel, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby files this Amended Answer to the Third-Party Complaint of Defendant/Third Party Plaintiff, Unique Design & Development, LLC (hereinafter "Unique"), as follows:

 1. After reasonable investigation, DCI lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at the time of trial.

 2. Denied. DCI is a Delaware corporation with a principal place of business located at 3600 Lancaster Pike, Wilmington, Delaware 19805.

 3. After reasonable investigation, DCI lacks sufficient knowledge or information to

form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at the time of trial.

4. The averments of this paragraph refer to a written document which speaks for itself, and any characterization thereof is denied.

5. The averments of this paragraph refer to a written document which speaks for itself, and any characterization thereof is denied.

6. Denied. The averments of this paragraph state conclusions of law to which no response is required. To the extent that a responsive pleading may be deemed to be required, the averments are denied, and strict proof thereof is demanded at the time of trial.

7. Denied. The averments of this paragraph state conclusions of law to which no response is required. To the extent that a responsive pleading may be deemed to be required, it is specifically denied that DCI was involved with the sprinkler line(s) in question in any capacity. Strict proof thereof is demanded at the time of trial.

8. Denied. The averments of this paragraph state conclusions of law to which no response is required. To the extent that a responsive pleading may be deemed to be required, it is specifically denied that DCI failed to show, identify, and/or depict the accurate location of the sprinkler line(s) in question. Strict proof thereof is demanded at the time of trial.

9. Denied. The averments of this paragraph state conclusions of law to which no response is required. To the extent that a responsive pleading may be deemed to be required, as to Plaintiff's damages, after reasonable investigation, DCI lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at the time of trial. By way of further answer, as to Plaintiff's damages, it is specifically denied that any such damages were caused by DCI.

10. Denied. The averments of this paragraph state conclusions of law to which no response is required. To the extent that a responsive pleading may be deemed to be required, DCI specifically denies it was negligent or careless, that it breached any obligations, or that it is liable to any party to this action under any theory of law. Further, it is specifically denied that DCI is solely liable to Plaintiff, jointly and/or severally liable to Plaintiff, and/or liable over to any defendant and/or any other party to this action on Plaintiff's claims under any theory of law. DCI specifically denies it is in any way liable to any defendant and/or other party to this action by way of contribution and/or indemnification. DCI further denies that it is liable to any party pursuant to any contracts or warranties.

11. Admitted in part, denied in part. It is admitted only that DCI provided certain services pursuant to an agreement with Luther Towers Preservation, L.P. The remaining averments of this paragraph state conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

12. The averments of this paragraph state conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

13. The averments of this paragraph state conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

14. The averments of this paragraph state conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

15. Denied. The averments of this paragraph state conclusions of law to which no response is required. To the extent that a responsive pleading may be deemed to be required, DCI specifically denies that it breached the applicable standard of care. Strict proof thereof is demanded at the time of trial.

320498212v.1

16. Denied. The averments of this paragraph state conclusions of law to which no response is required. To the extent that a responsive pleading may be deemed to be required, as to Plaintiff's and/or Unique's damages, after reasonable investigation, DCI lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at the time of trial. By way of further answer, as to Plaintiff's and/or Unique's damages, it is specifically denied that any such damages were caused by DCI.

**WHEREFORE**, Third-Party Defendant, Design Collaborative, Inc., demands judgment in its favor and against all other parties along with attorneys' fees, costs, and any such other relief this Honorable Court deems appropriate.

## AFFIRMATIVE DEFENSES

DCI incorporates by reference its answers and denials to the preceding paragraphs as if fully set forth herein.

## FIRST AFFIRMATIVE DEFENSE

Unique's Third-Party Complaint fails to state a cause of action for which relief may be granted against DCI.

## SECOND AFFIRMATIVE DEFENSE

DCI did not provide any services to Unique.

## THIRD AFFIRMATIVE DEFENSE

Unique's Third-Party Complaint is barred and/or limited because Unique and DCI are not in privity with one another.

**FOURTH AFFIRMATIVE DEFENSE**

Any damages alleged herein were caused in whole or in part by the acts or omissions of other parties or third parties over whose actions DCI had no control nor right to control and for whose conduct it is not responsible.

**FIFTH AFFIRMATIVE DEFENSE**

Unique's Third-Party Complaint is barred by Unique's failure to mitigate its damages.

**SIXTH AFFIRMATIVE DEFENSE**

DCI owed no duty to Unique, and/or if DCI is deemed to have owed any duty to Unique, DCI did not breach any such duty.

**SEVENTH AFFIRMATIVE DEFENSE**

Recovery under Unique's Third-Party Complaint is barred and/or diminished in accordance with the provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C. S. A. § 7102.

**EIGHTH AFFIRMATIVE DEFENSE**

DCI acted in a reasonable and prudent manner at all times in accordance with the applicable standard(s) of care.

**NINTH AFFIRMATIVE DEFENSE**

Any alleged damages were not actually nor proximately caused by DCI.

DCI reserves the right to raise any other affirmative defenses discovered during pretrial discovery up to the time of trial and amend its answer accordingly.

**WHEREFORE**, Third-Party Defendant, Design Collaborative, Inc., demands judgment in its favor and against all other parties, and seeks dismissal of all claims and crossclaims, together with attorneys' fees, costs, and any such other relief this Honorable Court deems appropriate.

                                                Respectfully submitted,

                                                **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By:    */s/ Andrew P. Rossi*
        Wendy D. Testa, Esquire (No. 81705)
        Andrew P. Rossi, Esquire (No. 330321)
        Two Commerce Square
        2001 Market Street, Suite 3100
        Philadelphia, PA 19103
        (215) 627-6900 (Phone)
        (215) 627-2665 (Fax)
        Wendy.Testa@wilsonelser.com
        Andrew.Rossi@wilsonelser.com
        *Attorneys for Third-Party Defendant,*

Date:   September 17, 2025         *Design Collaborative, Inc.*

## **CERTIFICATE OF SERVICE**

I, Andrew P. Rossi, Esquire, attorney for Third-Party Defendant, Design Collaborative, Inc., hereby certify that on the date set forth below, a true and correct copy of the foregoing Amended Answer with Affirmative Defenses was served via CM/ECF on the following counsel of record:

Robert J. Balch, Esquire
R. Joseph Hrubiec, Esquire
**Post & Schell, P.C.**
600 Hamilton Street
Tower 6, Suite 200
Allentown, PA 18101
rbalch@postschell.com
rhrubiec@postschell.com
*Attorneys for Plaintiff,*
*Pyramid ETC Companies, LLC d/b/a ETC Companies, LLC*

Alexander D. Lassoff, Esquire
**Maron Marvel**
1717 Arch Street, Suite 3710
Philadelphia, PA 19103
alassoff@maronmarvel.com
*Attorney for Defendant,*
*CMP Fire, LLC*

Christopher D. Hillsley, Esquire
**McGivney, Kluger, Clark & Intoccia, P.C.**
1001 Conshohocken State Road, Suite 2-107
Conshohocken, PA 19428
chillsley@mkcilaw.us.com
*Attorney for Defendant/Third-Party Plaintiff,*
*Unique Design & Development, LLC*

Date: September 17, 2025  By: */s/ Andrew P. Rossi*
                              Andrew P. Rossi, Esquire

320498212v.1